1    JOHN L. BURRIS, Esq., (SBN 69888)
     DEWITT LACY, Esq., (SBN 258789)
2    **THE LAW OFFICES OF JOHN L. BURRIS**
     Airport Corporate Center
3    7677 Oakport Street, Suite 1120
     Oakland, California 94621
4    Telephone: (510) 839-5200
     Facsimile: (510) 839-3882
5    john.burris@johnburrislaw.com
     dewitt.lacy@johnburrislaw.com
6

7    Attorneys for Plaintiff
     LORENZO ADAMSON
8

9                  **UNITED STATES DISTRICT COURT**
10         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12   LORENZO ADAMSON, an individual          Case No.:

13                     Plaintiff,             <u>COMPLAINT FOR DAMAGES</u>
               v.                             (42 U.S.C. Section 1983 and pendent
14                                            tort claims)

15   CITY OF SAN FRANCISCO, a municipal
     corporation; GREG SUHR, individually and  <u>JURY TRIAL DEMANDED</u>
16   in his official capacity as Chief of Police for
     the CITY OF SAN FRANCISCO;
17   CHRISTOPHER O'BRIEN, individually and
     in his official capacity as  a Police Officer for
18   the CITY OF SAN FRANCISCO; DANIEL
     DUDLEY, individually and in his official
19   capacity as a Police Officer for the CITY OF
     SAN FRANCISCO; BRIAN STANSBURY,
20   individually and in his official capacity as a
     Police Officer for the CITY OF SAN
21   FRANCISCO and DOES 1-50, inclusive; in
     their individual and/or official capacities as
22   police officers for the CITY OF SAN
     FRANCISCO,
23
24                     Defendants.

25   ///

26   ///

27   ///

28

                                                                          1

1

**INTRODUCTION**

2

   1.  These claims arise out of the unlawful use of force choking and arrest of

3

an off-duty, African-American Police Officer, LORENZO ADAMSON, by fellow

4

CITY OF SAN FRANCISCO Police Officers, on May 30, 2013. CITY OF SAN

5

FRANCISCO Police Officers stopped Mr. ADAMSON for a traffic violation.

6

CITY OF SAN FRANCISCO Police Officer BRIAN STANSBURY came up to

7

Mr. ADAMSON's window and immediately asked him if he was on parole,

8

without bothering to ask for his license and insurance. CITY OF SAN

9

FRANCISCO Police Officer DANIEL DUDLEY told Mr. ADAMSON to get out

10

of the car and inexplicably lead him to the curb.  Mr. ADAMSON identified

11

himself as a San Francisco Police Officer. Despite identifying himself as a

12

Police Officer, Officer DUDLEY came up from behind Mr. ADAMSON and

13

began applying a carotid chokehold. Mr. ADAMSON attempted to show the

14

officers his San Francisco Police Department issued badge.  Mr. ADAMSON was

15

unable to breathe and feared for his life as he fell to the ground with Officer

16

DUDLEY choking him.  Finally, another patrol car arrived and identified Mr.

17

ADAMSON as a San Francisco Police Officer.  Mr. ADAMSON was

18

subsequently treated for his injuries and cited for resisting arrest.

19

**JURISDICTION**

20

   2.  This action arises under Title 42 of the United States Code, Section 1983.

21

Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction

22

upon this Court.  The unlawful acts and practices alleged herein occurred in the

23

City of San Francisco, San Francisco County, California, which is within this

24

25

26

27

28

1    judicial district.

2                                **PARTIES**

3        3.  Plaintiff, LORENZO ADAMSON, is now and at all times mentioned
4
    herein a United States Citizen.
5
6        4.  Defendant CITY OF SAN FRANCISCO (hereinafter "CITY") is, and at all
7    times herein mentioned, a municipal entity duly organized and existing under the
8    laws of the State of California. Under its authority, CITY OF SAN FRANCISCO
9    operates the San Francisco Police Department.

10       5.  Defendant, GREG SUHR (hereinafter "CHIEF") is and at all times herein
11   mentioned, a United States citizen and a resident of California, and employed as
12
    the Chief of Police for CITY.  He is sued in his individual and official
13
14   capacities.

15       6.  Defendant, DANIEL DUDLEY, (hereinafter "DUDLEY") is and at all
16   times herein mentioned, a United States citizen and a resident of California. He
17
    is sued individually and in his official capacity as Police Officer for the CITY.
18
19       7.  Defendant, CHRISTOPHER O'BRIEN, (hereinafter "O"BRIEN") is and at
20   all times herein mentioned, a United States citizen and a resident of California.
21   He is sued individually and in his official capacity as Police Officer for the
22   CITY.

23       8.  Defendant, BRIAN STANSBURY, (hereinafter "STANSBURY") is and at
24   all times herein mentioned, a United States citizen and a resident of California.
25
    He is sued individually and in his official capacity as Police Officer for the
26
27   CITY.

28

                                                                              3

9.  Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and unlawful use of force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask leave to amend this complaint subject to further discovery.

10. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

11. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

12. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

13. For State causes of action related to Federal claims, Plaintiff is required to comply with an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

**FACTS**

14. On May 30, 2013, at 8:17 p.m., Plaintiff LORENZO ADAMSON was driving northbound on Lane Street, in San Francisco, California.  Mr. Adamson is a San Francisco Police Officer who is currently on disability leave.

15. Mr. Adamson saw a CITY Police Department patrol car make a U-turn and pull up behind him with its lights flashing.  Mr. Adamson pulled-over near the intersection of Third and Newcomb Streets. Three CITY Police officers were in the patrol car. CITY Police Officer STANSBURY was working as a Field Training Officer. CITY Police Officers DUDLEY and O'BRIEN were participating in field training, under the supervision of Defendant STANSBURY. Defendant STANSBURY walked up to the car and told Mr. Adamson, "I pulled you over because there is no license plate on your car."

16. Defendant STANSBURY asked Mr. Adamson, "Are you on parole or probation?" Mr. Adamson knew that this was not what he practiced when enacting a traffic stop and noted the officer's name on his name badge. The name badge said 'STANSBURY.' Mr. Adamson asked Defendant STANSBURY, "Officer Stansbury, why are you asking if I am on parole or probation?" Defendant STANSBURY replied, "Because you don't have a license plate on your car." Mr. Adamson asked Defendant STANSBURY, "What does not having a plate on my car have to do with being on parole or probation? Shouldn't you be asking for my license, registration and insurance?" Defendant STANSBURY replied, "That's what we do out here."

17. Defendant STANSBURY told Mr. Adamson to take his keys out of the ignition and Mr. Adamson complied.  Defendant STANSBURY then told Mr. Adamson, "If you don't answer my question I am going to take you out of the car." Mr. Adamson did not respond

to Defendant STANSBURY's unwarranted question. Then Defendant STANSBURY ordered Defendant DUDLEY to get Mr. Adamson out of the car.

18. Defendant DUDLEY opened Mr. Adamson's driver side door and told him to get out of the car.  Mr. Adamson immediately complied, got out of the car with his hands extended up in the air and asked, "Officer, what do you want me to do?"  The officers lead Mr. Adamson to the curb.  Mr. Adamson's concern for his safety grew when he realized that the officers were deviating from what he understood as standard police practice and procedures.  Mr. Adamson asked the officers, "Why are you taking me out of the car on a traffic stop?"  One of the officers told Mr. Adamson, "Sit on the curb." Mr. Adamson told the officers, "I can't, I'm on DP for a low back injury."  'DP' is police jargon for disability leave.

19. One of the officers forcefully grabbed Mr. Adamson's wrist and said, "Sit down."  Mr. Adamson then explained to the defendant officers, "Before this goes any further, I'm an officer and I work out of Bayview Station."  At this point, the officers knew that Mr. Adamson was an officer and that he was on leave for a back injury; however, Defendant DUDLEY escalated the incident when he inexplicably jumped onto Mr. Adamson's back and began applying a carotid restraint hold to Mr. Adamson.  The defendant officer unsuccessfully applied the carotid restraint hold on Mr. Adamson and consequently began choking Mr. Adamson.  Mr. Adamson frantically repeated, "I'm a cop, I'm a cop," as he was being choked and gasping for air.  Mr. Adamson and Defendant DUDLEY then fell to the ground with DUDLEY landing on top of Mr. Adamson.

20. Mr. Adamson lifted his shirt to display his San Francisco Police badge and gun to

the Defendant officers. Defendant O'BRIEN then grabbed Mr. Adamson's gun from his waistband while Defendant DUDLEY lay on top of Mr. Adamson.  Mr. Adamson told the officers, "Hurry up and cuff me."  The Defendant officers placed Mr. Adamson in handcuffs, and laid him facedown on the ground until backup officers arrived.

21. Thereafter, CITY police officers, Michael Ellis and Reginald Scott arrived and confirmed that Mr. Adamson was indeed a CITY police officer.  Then the Defendant officers picked Mr. Adamson up off the ground and removed his handcuffs.

22. Mr. Adamson was in severe pain and asked for an ambulance, but the Defendant officers did not call an ambulance.  Instead, Defendant officers took Mr. Adamson to the Bayview CITY Police Department station in an unmarked patrol car while another officer drove Mr. Adamson's car to the station.  Sometime later, paramedics were called and they transported Mr. Adamson from the Bayview station to a Kaiser medical facility in San Francisco.  The incident aggravated Mr. Adamson's back injuries.  Then, adding insult to injury, the Defendant officers cited Mr. Adamson for resisting arrest and vehicle code violations.

23. All criminal charges against Mr. Adamson were later discharged by CITY District Attorney's office.

## DAMAGES

24. The battery of LORENZO ADAMSON as described herein was brutal, malicious and done without any just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

25. As a proximate result of Defendants' conduct, Plaintiff suffered pain and physical injuries from being choked and tackled to the ground.  As a further proximate result of

Defendants' conduct, Plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride as a United States citizen.

26. The conduct of Defendants STANSBURY, O'BRIEN, DUDLEY and DOES 1-25 was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said Defendant Police Officers for CITY.

27. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of his civil rights.

**FIRST CAUSE OF ACTION**

(42 U.S.C. Section 1983)

(Against Defendant Officers STANSBURY, DUDLEY, O'BRIEN and DOES 1-25)

28. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 27 of this Complaint.

29. In doing the acts complained of herein, Defendant STANSBURY, DUDLEY, O'BRIEN and DOES 1-25, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendments to the United States Constitution;

    c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United

States Constitution;

    d.  The right to equal protection of the laws, as guaranteed by the Fourteenth

Amendment to the United States Constitution;

30. Said rights are substantive guarantees under the Fourth and/or Fourteenth

Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### <u>SECOND CAUSE OF ACTION</u>

**(Monell)**

**(42 U.S.C. §1983)**

(Against CITY, CHIEF and DOES 26-50)

31. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1

through 30 of this Complaint.

32. As against Defendants CITY, CHIEF and/or DOES 26-50 and/or each of them,

individually and/or in their capacities as official policy-maker(s) for CITY, the Plaintiff

further alleges that the acts and/or omissions alleged in the Complaint herein are indicative

and representative of a repeated course of conduct by members of Defendant CITY

tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging

the abuse of police authority, and disregard for the constitutional rights of citizens, such as

decedent and Plaintiff.

33. Plaintiff is informed and believes and thereon alleges that the acts and/or omissions

alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate

indifference by Defendants CITY, CHIEF and DOES 26-50 and/or each of them, to the

repeated violations of the constitutional rights of citizens by CITY police officers, which

have included, but are not limited to, repeated acts of: making false reports, using excessive and/or arbitrary force, deadly force and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy.

34. Plaintiff is further informed, believes and thereon alleges that these abuses of authority, including excessive force, racial profiling and racial discrimination are part of department training and practice, as indicated by Field Training Officer STANSBURY's actions of asking about Plaintiff's parole status which is contrary to known San Francisco Police Department policy and then excusing his conduct by saying  'that's what we do out here.'  Plaintiff is further informed, believes and thereon alleges the CITY has not disciplined or retrained any of the officers that have engaged in excessive use of force. Plaintiff is further informed, believes and thereon alleges the CITY has ratified, approved and condoned the aforementioned uses of deadly force and loss of life.

35. Plaintiff is further informed and believes and thereon alleges the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens.

36. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices, which included, but were not limited to, the failure to adequately or appropriately train officers in making detentions and/or arrests.

a. The aforementioned deliberate indifference, customs, policies or practices of defendants CITY, CHIEF and DOES 26-50, and/or each of them, resulted in the deprivation of the constitutional rights of the Plaintiff, including, but not limited to, the following: the right not to be deprived of life, liberty or property without Due Process of Law;

b. the right to be free from unreasonable searches and/or seizures; and/or,

c. the right to enjoy civil and statutory rights.

37. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

38. As a result of the violation of their constitutional rights by Defendants CITY, CHIEF and/or DOES 26-50 and/or each of them, Plaintiff sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

**(Violation of State Statutory Rights)**

**(Violation of CALIFORNIA CIVIL CODE §51.7)**

(Against Defendants STANSBURY, DUDLEY, OBRIEN and DOES 1 – 25)

39. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 38 of this Complaint.

40. Plaintiff is informed, believes and thereon alleges that the conduct of Defendant STANSBURY, DUDLEY, O'BRIEN and DOES 1-25, inclusive, as described herein, was motivated by racial prejudice against LORENZO ADAMSON. Plaintiff is and was readily recognizable as African-American. When Plaintiff asked why he was being questioned

11

about his status as a parolee, Defendant STANSBURY replied "that's what we do out here."  CITY'S Bayview District is one of the few areas in CITY with a sizeable African American population.  Accordingly, Plaintiff is informed and believes Defendant STANSBURY'S asked about Plaintiff's status as a parolee because Plaintiff is an African-American.  In engaging in such conduct, Defendants violated Plaintiff's rights under California Civil Code §51.7 to be free from violence, or intimidation by threat of violence committed against Plaintiff because of his race.

41. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §51.7, reasonable attorney's fees and an additional $25,000.00.

42. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**

(Violation of Civil Code Section 52.1)

(Plaintiff against Defendants STANSBURY, DUDLEY, O'BRIEN and DOES 1-25)

43. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 42 of this Complaint.

44. The conduct of Defendants STANSBURY, DUDLEY, O'BRIEN and DOES 1-25, inclusive, as described herein, acting in the course and scope of their employment for CITY, violated California Civil Code Section 52.1, in that they interfered with Plaintiff's exercise and enjoyment of his civil rights, through use of wrongful and excessive force and failure to make a proper or reasonable arrest of Plaintiff, all accomplished through force,

threats, intimidation, and coercion.

45. As a direct and proximate result of Defendants' violation of Civil Code Section 52.1 Plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

46. Since this conduct occurred in the course and scope of their employment, CITY is therefore liable to Plaintiff pursuant to respondeat superior.

47. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

## FIFTH CAUSE OF ACTION

(Assault and Battery)

(Against Defendants STANSBURY, DUDLEY, O'BRIEN and DOES 1-25)

48. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 47 of this Complaint.

49. Defendants STANSBURY, DUDLEY, O'BRIEN and DOES 1-25, inclusive, placed Plaintiff in immediate fear of death and severe bodily harm by deviating from department policy; forcing him out of his car; leading him out of public view and choking him, without any just provocation or cause.

50. These Defendants' conduct was neither privileged nor justified under statute or common law.

51. As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**

(Intentional Infliction of Emotional Distress)

(Against Defendant STANSBURY, DUDLEY, O'BRIEN and DOES 1-25)

52. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 51 of this Complaint.

53. The conduct of Defendants STANSBURY, DUDLEY, O'BRIEN and DOES 1-25, inclusive, as set forth herein, were extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiff.

54. As a proximate result of Defendants' willful, intentional and malicious conduct, plaintiff suffered severe and extreme mental and emotional distress.  Therefore, Plaintiff is entitled to an award of punitive damages as against said defendants.  Plaintiff has suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**

(Negligence)

(Against Defendants STANSBURY, DUDLEY, O'BRIEN and DOES 1-25)

55. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 54 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

56. At all times herein mentioned, Defendants STANSBURY, DUDLEY, O'BRIEN

and DOES 1-25, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein. Pursuant to Government Code Section 815.2(a), CITY is vicariously liable to Plaintiff for his injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

57. As a proximate result of Defendants' negligent conduct, Plaintiff suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

58. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be determined according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants and/or DOES 1 through 25 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988 and U.S.C. Section

794a;

7. For violation of California Civil Code Sections 51.7 and 52.1, statutory damages, and reasonable attorney's fees;

8. For cost of suit herein incurred;

THE LAW OFFICES OF JOHN L. BURRIS

Dated: November 12, 2013          _____/s/ John L. Burris_____
                                            John L. Burris, Esq.