1
2
3
4              UNITED STATES DISTRICT COURT
5             NORTHERN DISTRICT OF CALIFORNIA
6
7   LORENZO ADAMSON,                    Case No.  13-cv-05233-DMR

            Plaintiff,
8
9        v.                             **[PROPOSED] FINAL JURY
                                        INSTRUCTIONS**
    CHRISTOPHER O'BRIEN, DANIEL
10  DUDLEY, and BRIAN STANSBURY,

11          Defendants.
12
13       **Special note:** the court has reconsidered the wording of the instructions pertaining to the

14  summary judgment rulings.  *See* page 12.  The court looks forward to discussing these changes

15  with counsel at the charging conference.

16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

1

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

# WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in closing arguments, or have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**TRANSCRIPT OF TAPE RECORDING (NEEDED?)**

You have listened to a recording that has been received in evidence.  The recording was played along with a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape.  However, bear in mind that the tape recording is the evidence, not the transcript.  If you heard something different from what appeared in the transcript, what you heard is controlling.

**USE OF INTERROGATORIES OF A PARTY (NEEDED?)**

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE (NEEDED?)**

Certain charts and summaries not received in evidence may have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**CHARTS AND SUMMARIES IN EVIDENCE (NEEDED?)**

Certain charts and summaries may have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

**EVIDENCE IN ELECTRONIC FORMAT (NEEDED?)**

Certain recordings have been entered into evidence, and you will be able to view them in the jury room using a computer provided by the court.

A court technician will show you how to operate the computer.  In the event of any technical problem, or if you have questions about how to operate the computer or other equipment,

you may send a note to the court, signed by your foreperson or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

United States District Court
Northern District of California

**EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.  Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

United States District Court
Northern District of California

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means that you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each Defendant separately.  Unless otherwise stated, the instructions apply to all parties.

1

**CLAIMS AND DEFENSES**

2       Plaintiff Lorenzo Adamson and Defendants Sgt. Brian Stansbury and Officers Daniel

3   Dudley and Christopher O'Brien are all San Francisco Police Officers.  Plaintiff alleges that

4   Defendants subjected him to excessive force following a traffic stop.  Plaintiff also alleges that

5   Defendants committed a violent act against him on the basis of his race.  Plaintiff has the burden

6   of proving these claims.

7       Defendants deny these claims, and allege that they used reasonable force to protect

8   themselves and to take Plaintiff into custody.

9       Defendants O'Brien, Dudley, and Stansbury were legally permitted, but not legally

10  required, to pull Plaintiff Adamson's car over, to instruct him to exit the car, and instruct him to sit

11  on the curb.  However, you may consider all of the circumstances regarding the traffic stop, the

12  instruction to exit the car, and the instruction to sit on the curb, in deciding whether any Defendant

13  used excessive force against Plaintiff, or whether any Defendant committed an act of violence

14  against Plaintiff on the basis of his race.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

Plaintiff Adamson brings a claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

United States District Court
Northern District of California

**SECTION 1983 CLAIM AGAINST DEFENDANT IN**

**INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his section 1983 claim against Defendants Chris O'Brien, Daniel Dudley, or Brian Stansbury, Plaintiff Adamson must prove each of the following elements by a preponderance of the evidence, as to each defendant:

1.      the defendant acted under color of law; and

2.      the acts of the defendant deprived Plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that each defendant acted under color of law.

If you find Plaintiff has proved each of these elements and if you find that Plaintiff has proved all the elements he is required to prove under Instructions 9.22 your verdict should be for Plaintiff.  If, on the other hand, Plaintiff has failed to prove any one or more of these elements, your verdict should be for Defendants.

14

1

**CAUSATION**

In order to establish that the acts or failures to act of any defendant deprived Plaintiff of his particular rights under the Fourth Amendment to the United States Constitution as explained in later instructions, Plaintiff must prove by a preponderance of the evidence that the acts or failures to act were so closely related to the deprivation of Plaintiff's rights as to be the moving force that caused the ultimate injury.

**PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—EXCESSIVE FORCE**

In general, a seizure of a person is unreasonable under the Fourth Amendment if a law enforcement officer uses excessive force on the person.  Thus, in order to prove an unreasonable seizure in this case, Plaintiff Adamson must prove by a preponderance of the evidence that Defendants Chris O'Brien, Daniel Dudley or Brian Stansbury used excessive force on Plaintiff Adamson during the encounter between Plaintiff and Defendants.

Under the Fourth Amendment, a law enforcement officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether any defendant used excessive force in this case, consider all of the circumstances known to the defendant on the scene, including:

1.  The severity of the crime or other circumstances to which the defendant was responding;

2.  Whether Plaintiff posed an immediate threat to the safety of the defendant or to others;

3.  Whether Plaintiff was actively resisting or attempting to evade by flight;

4.  The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5.  The type and amount of force used; and

6.  The availability of alternative methods to subdue Plaintiff.

**AFFIRMATIVE DEFENSE—SELF DEFENSE/DEFENSE OF OTHERS**

Defendants O'Brien, Dudley and Stansbury claim that they are not responsible for Plaintiff Adamson's harm because they were acting in self-defense/defense of another.  To succeed Defendants O'Brien, Dudley or Stansbury must prove both of the following:

1. That O'Brien, Dudley or Stansbury reasonably believed that Plaintiff was going to harm him or others; and

2. That O'Brien, Dudley or Stansbury used only the amount of force that was reasonably necessary to protect himself or others.

1 **OFFICER NOT LIABLE FOR USE OF REASONABLE FORCE THAT CAUSES INJURY**

2       Use of reasonable and legitimate force can result in an injury, even a serious injury or

3 death.  However, an officer is only liable if he or she uses excessive force.  If an officer uses

4 reasonable force, the officer cannot be liable under any circumstance, even if a serious injury or

5 death results.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CALIFORNIA CIVIL CODE 51.7, RALPH ACT**

Plaintiff Adamson claims that Defendants O'Brien, Dudley and Stansbury committed an act of violence against him because of his race.  To establish this claim, Plaintiff must prove all of the following:

1. That O'Brien, Dudley or Stansbury committed a violent act against Plaintiff;

2. That a substantial motivating reason for O'Brien, Dudley or Stansbury's conduct was his perception of Plaintiff's race;

3. That Plaintiff was harmed; and

4. That O'Brien, Dudley or Stansbury's conduct was a substantial factor in causing Plaintiff's harm.

United States District Court
Northern District of California

**CALIFORNIA CIVIL CODE SECTION 52.1, BANE ACT (NEEDED?)**

Plaintiff Adamson also seeks to recover damages for a violation of civil rights pursuant to California Civil Code Section 52.1.

To establish this claim, Plaintiff must prove all of the following:

(1) that Defendants O'Brien, Dudley, or Stansbury interfered or attempted to interfere by threats, intimidation, or coercion with Plaintiff's exercise or enjoyment of his constitutional right to be free from excessive force;

(2) that O'Brien, Dudley, or Stansbury's interference or attempted interference with Plaintiff's right to be free from excessive force was done deliberately or spitefully; and

(3) that the interference, or attempted interference caused Plaintiff to suffer injury, damage, loss or harm.

Speech alone is not sufficient, unless the speech itself threatens violence against Plaintiff, or a group of which Plaintiff is a member, and Plaintiff reasonably fears that, because of speech, violence will be committed against Plaintiff's person or property and that the defendant had the apparent ability to carry out the threat.

**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff Adamson, you must determine his damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by the defendant. In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages.  If you find for Plaintiff Adamson but you find that he has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

**PUNITIVE DAMAGES**

If you find for Plaintiff Adamson, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the individual defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that a punitive damages award is warranted in this case, you will receive additional evidence and instruction concerning the amount of punitive damages to be awarded.

**UNUSUALLY SUSCEPTIBLE PLAINTIFF**

You must decide the full amount of money that will reasonably and fairly compensate Plaintiff Adamson for all damages caused by the wrongful conduct of Defendants O'Brien, Dudley, and Stansbury, even if Plaintiff were more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

**AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY**

Plaintiff Adamson is not entitled to damages for any physical or emotional condition that he had before Defendants' conduct occurred.  However, if Plaintiff had a physical or emotional condition that was made worse by Defendants' wrongful conduct, you must award damages that will reasonably and fairly compensate him for the effect on that condition.

United States District Court
Northern District of California

25

**USE OF NOTES**

Some of you may have taken notes during trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes.

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.