UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO ADAMSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHRISTOPHER O'BRIEN; DANIEL DUDLEY; and BRIAN STANSBURY,<br><br>　　　　Defendants. | Case No. 13-cv-05233-DMR<br><br>**ORDER ON RULE 50(A) MOTION RE DEFENDANT O'BRIEN** |

　　　　Plaintiff brought claims for excessive force and punitive damages against each of the three Defendants. The court presided over a jury trial in this matter. On November 17, 2015, before the case was submitted to the jury, Defendants made an oral motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). The court took the matter under submission pending the jury's verdict. On November 19, 2015, the jury returned a verdict in favor of Defendants Dudley and Stansbury, but did not reach a unanimous verdict with respect to Defendant O'Brien. The court now **denies** O'Brien's Rule 50(a) motion.

　　　　Rule 50(a) authorizes the court to enter judgment as a matter of law if the party has been fully heard on the issue during a jury trial, and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for that party on that issue. Fed. R. Civ. Proc. 50(a). "When deciding whether to grant a Rule 50(a) motion, '[t]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.'" *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015)(quoting *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000)). The court applies the same standard when ruling on a Rule 50(a) motion as it would on a motion for summary judgment pursuant to Rule 56. *See Reeves*, 530 US at 150. Judgment as a matter of

1   law is proper if the evidence, construed in the light most favorable to the nonmoving party, allows

2   only one reasonable conclusion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-251 (1986).

3         Much of this case turned on the credibility of the parties.  As to Adamson's claims against

4   O'Brien, the jury heard conflicting evidence about O'Brien's interactions with Adamson during

5   the traffic stop, the removal of Adamson from the car, O'Brien's order that Adamson sit on the

6   curb, and O'Brien's initial and subsequent applications of force.  A reasonable juror crediting

7   Adamson's testimony could conclude that *any* use of force was unreasonable, because the incident

8   involved a traffic stop for a minor infraction, Adamson fully complied with instructions or

9   explained why he could not do so, and clearly identified himself as a police officer who was

10  lawfully carrying a firearm.   On the same evidentiary record, a reasonable juror could conclude

11  that O'Brien acted with malice, oppression or in reckless disregard of Adamson's rights.  In sum,

12  O'Brien's Rule 50(a) motion is denied because the jury had a legally sufficient evidentiary basis to

13  support a verdict against O'Brien on both claims.

16  **IT IS SO ORDERED.**

17  Dated: December 7, 2015

                                                      Donna M. Ryu
                                       United States Magistrate Judge